IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES HOOD, | : | CIVIL ACTION NO. 3:CV-16-2326 |
| | : | |
| Petitioner | : | (JUDGE NEALON) |
| v. | : | |
| | : | |
| CAPTAIN SPAULDING, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

**I. Background**

Petitioner, Charles Hood, an inmate confined in the Medium Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges his 1991 District of Columbia conviction. (Doc. 1, petition).

Although Petitioner filed his petition pursuant to 28 U.S.C. § 2241, District of Columbia offenders are considered state prisoners for purposes of the federal habeas corpus statutes. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002). As a state prisoner in custody pursuant to the judgment of a state court, Hood must rely on section 2254 to bring claims challenging the validity or the execution of his conviction and sentence. See Coady

v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001). Thus, the petition will be considered a petition brought pursuant to § 2254. Preliminary consideration has been given to the petition and it is concluded that it is appropriate to transfer the matter to the United States District Court for the District of Columbia. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

## II. Discussion

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 433-434 (2004)(emphasis in original)(citations omitted). There is no question that this Court has jurisdiction over Hood's petition. However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to

---

[1] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

2

any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Hood is challenging a District of Columbia Superior Court conviction, which is in the jurisdiction of the United States District Court for the District of Columbia. All records of conviction, transcripts of proceedings, witnesses, counsel, and conviction records are located within the District of Columbia. Thus, for the convenience of the parties and in the interest of justice, the action will be transferred to the United States District Court for the District of Columbia.

A separate Order will be issued.

Dated:   November 22, 2016

      /s/ William J. Nealon  
**United States District Judge**