**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHARLES HOOD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 17-cv-195 (TSC) |
| | ) |
| | ) |
| CAPTAIN SPAULDING, Warden, | ) |
| | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM OPINION**

Petitioner, appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C.

§ 2254.[1]  In August 1991, a jury in the Superior Court of the District of Columbia

convicted Petitioner of "first-degree felony murder and related offenses stemming

from an attack on an elderly woman in her home on the morning of May 18, 1989."

*Hood v. United States*, 28 A.3d 553, 555 (D.C. 2011); (Pet. at 2, ECF No. 1).  The

petition is difficult to follow, but it is grounded on a claim of innocence.  Petitioner

asserts that his "conviction was based entirely on DNA evidence," and he seems to

suggest that further testing of the evidence and "an Evidentiary Hearing" on his "case

in chief" would prove that he is "actually & (factually) innocent."  (Pet. at 5, 11).  For

the reasons explained below, the Court finds that it lacks jurisdiction over the

petition. Consequently, this case will be dismissed.

---

[1]    As a prisoner incarcerated at the Federal Correctional Institution in White Deer, Pennsylvania, petitioner filed his petition in the U.S. District Court for the Middle District of Pennsylvania.   Because the petition challenges a District of Columbia conviction, that court transferred the case here.  *See* Memorandum (ECF No. 5).

Unlike a prisoner convicted in a state court or in a United States district court, "a District of Columbia prisoner has no recourse to a federal judicial forum unless [he shows that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) (citations and internal quotation marks omitted). Thus, "[i]n order to collaterally attack his sentence [or conviction] in an Article III court[,] a District of Columbia prisoner faces a hurdle that a federal prisoner does not." *Byrd v. Henderson*, 119 F.3d 34, 37 (D.C. Cir. 1997).

District of Columbia prisoners may challenge their convictions collaterally by filing a motion in Superior Court pursuant to D.C. Code § 23-110, which has been described as "a remedy analogous to 28 U.S.C. § 2255" for attacking a federal conviction. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998). *See Byrd*, 119 F.3d at 36-37 (explaining that "[s]ince passage of the Court Reform Act [in 1970], . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court- the Superior Court-pursuant to D.C. Code § 23 110"). Section 23-110 of the D.C. Code states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears  . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The Court of Appeals has interpreted that language as "divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see Ibrahim v. United States*, 661 F.3d 1141, 1142

2

(D.C. Cir. 2011) (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

Section 23-110(a)(1) authorizes "[a] prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that . . . the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia" to "move the court to vacate, set aside, or correct the sentence." The Court of Appeals has concluded "that the § 23-110 remedy is neither inadequate nor ineffective to test the legality" of a D.C. prisoner's conviction where he has raised a claim of actual innocence. *Ibrahim*, 661 F.3d at 1146; *see Earle v. United States*, 987 F. Supp. 2d 7, 11 (D.D.C. 2013) (district court "lacks jurisdiction to consider [the petitioner's] actual innocence claim—whether asserted as a 'gateway' claim to federal court review or as a 'stand-alone' claim—because 'either claim' is available under D.C. Code § 23-110 . . . and, therefore, is foreclosed by Section 23-110(g)") (quoting *Ibrahim*, 661 F.3d at 1143).

Petitioner has pursued collateral relief in the local courts. *See Hood*, 28 A.3d at 555 (concluding that Petitioner "has not demonstrated his entitlement [under the District's Innocence Protection Act (IPA) of 2001] to the additional DNA testing he seeks"). His lack of success does not render the local remedy inadequate or ineffective to test the legality of his detention; therefore, this court cannot exercise jurisdiction over the instant petition. *Garris*, 794 F.2d at 727; *accord Richardson v. Stephens*, 730 F. Supp. 2d 70, 73 (D.D.C. 2010) (citing cases); *see Ibrahim*, 661 F.3d at 1143-44 (rejecting argument that a claim cognizable under the IPA is outside of the

scope of the jurisdictional bar because it cannot be brought under § 23-110(a)).  A separate order of dismissal accompanies this memorandum opinion.


Date:  April 3, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge